## JAMES FIOLEK *v.* COMMISSIONER OF MOTOR VEHICLES*

Superior Court            Judicial District of            File No. 96-0565998
Hartford-New Britain at Hartford

Memorandum filed September 25, 1997

---

* Affirmed. *Fiolek* v. *Commissioner of Motor Vehicles*, 51 Conn. App. 486, 721 A.2d 1260, cert. denied, 248 Conn. 906, 731 A.2d 306 (1999).

*Rozbicki & Associates*, for the plaintiff.

*Richard Blumenthal*, attorney general, and *Robert L. Marconi* and *Alan N. Ponanski*, assistant attorneys general, for the defendant.

DIPENTIMA, J. The plaintiff, James Fiolek, appeals from the decision of the defendant, the commissioner of motor vehicles (commissioner), suspending his license to operate a motor vehicle. Acting pursuant to General Statutes § 14-227b, the commissioner found that the plaintiff had submitted to a chemical test with results indicating a blood alcohol level of 0.10 percent or more after an arrest on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appealed pursuant to General Statutes § 4-183. After briefs were submitted and argument heard, the court, *Maloney, J.*, sustained the appeal and remanded the case to the hearing officer to render a new decision based on the current record. The hearing officer rendered a decision suspending the plaintiff's motor vehicle operator's license. The plaintiff then appealed to this court pursuant to § 4-183. The court finds the issues in favor of the defendant.

In this appeal the plaintiff argues that there are no competent, relevant or material facts on which the hearing officer made his subordinate findings in response to the court's remand order. He also argues that the hearing officer failed to set forth the specific findings on the crucial elements and failed to arrive at his findings by lawful procedure, within statutory authority of his agency and by reliance on reliable, probative and substantial evidence on the whole record. Specifically, he argues that the hearing officer improperly relied

on evidence not included in the record in making his subordinate findings as to the time of operation. He also argues that the hearing officer's findings as to the proper functioning of the intoxilyzer and statutory and regulatory compliance by the police are not supported by substantial evidence in light of the missing information on the A-44 form.

In its decision sustaining the appeal and remanding the case to the commissioner, the court, *Maloney, J.,* found the following: "In the present case, the various forms furnished to the motor vehicle department by the arresting police officer indicate different times for the arrest, do not indicate precisely when the plaintiff was operating the vehicle, and essentially leave it to the reader—that is, the hearing officer—to make sense of them. Furthermore, the documents are the only evidence that the hearing officer had on which to base the decision. Under these circumstances, it was incumbent on the hearing officer to write a decision that sets forth specific findings on crucial elements—the time of operation, for a prime example—and explains how he arrived at those findings of fact on the basis of the poorly prepared police documents. The decision that the hearing officer did write in this case does not provide an adequate basis for the court's review."

The court then ordered the commissioner to render a new decision, based on the current record, that could affirm, modify or reverse the original decision. As the final order on remand, the court stated: "The new decision must clearly set forth specific findings of fact and conclusions of law."

On remand, the hearing officer rendered a new decision affirming the original decision and attached a page of subordinate findings of fact. Those findings are as follows: "The police officer who initiated the motor vehicle stop and subsequent arrest of the [plaintiff] and who provided the information for the A-44 form and

supplemental reports indicates he first observed the [plaintiff] traveling at excessive speed on October 10, 1996 at 0036 hours. The temporary license indicates a time of arrest of 0036 on October 10, 1996, which, on its face, appears inconsistent with the prearrest time reported on the A-44. It is common practice, however, for a police dispatcher to log the time an officer calls in a motor vehicle stop and that time is then generally used for all paperwork associated with the incident. I find nothing unusual or fatal with the time reported in this matter. The intoxilyzer 5000 readouts indicate the machine was functioning properly at the time the tests were conducted and the first test was completed on the [plaintiff] at 0119 on October 10, 1996, well within two hours of his being observed and stopped. Lastly, the police narrative report clearly states that the [plaintiff] was afforded an opportunity to contact an attorney before any breath tests were administered by the police. My conclusion is that all police procedures followed applicable statutes and regulations in this matter."

In an administrative appeal, it is the plaintiff's burden to prove that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Schallenkamp* v. *Del-Ponte*, 229 Conn. 31, 39, 639 A.2d 1018 (1994). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Id., 40. If there is substantial evidence in the administrative record to provide the hearing officer a reasonable basis for his finding, the decision must

be upheld. *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 601, 590 A.2d 447 (1991). "The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it." *Bialowas* v. *Commissioner of Motor Vehicles*, 44 Conn. App. 702, 709, 692 A.2d 834 (1997).

The plaintiff first argues that, in finding the time of operation, the hearing officer improperly relied on facts outside the current record. Specifically, the plaintiff refers to the sentence in the subordinate findings that states that "it is common practice for a police dispatcher to log the time an officer calls in a motor vehicle stop and that time is generally used for all paperwork associated with the incident." The commissioner concedes that there was no evidence as to this common practice in the record. The parties agree that the court should disregard that subordinate finding. They disagree as to the effect of omitting that finding from the record. The plaintiff argues that there is insufficient evidence in the record as to the time of the operation, and the remaining subordinate findings of the hearing officer are unsupportable on this issue.

The hearing officer found that the police officer noted that the time when he saw the plaintiff's vehicle traveling at excessive speed was 0036 hours. He noted also that the time of arrest on the temporary license was 0036 hours. While these entries appear inconsistent, that inconsistency is not fatal. In *Schallenkamp* v. *DelPonte*, supra, 229 Conn. 41, the Supreme Court affirmed the limited scope of review in an administrative determination. "In reviewing an administrative determination, we must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ."

*Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 588, 628 A.2d 1286 (1993). Moreover, it is not the function of the trial court, nor of this court, to retry the cause. . . . [T]he determination of issues of fact are matters within its province [of the administrative agency]. . . . *Tomlinson* v. *Board of Education*, 226 Conn. 704, 713, 629 A.2d 333 (1993). Because it is the administrative hearing officer's function to determine issues of fact, we cannot say, simply because of the existence of conflicting evidence, that the record failed to contain a substantial basis from which the hearing officer could have concluded that [the arresting officer] was certified to administer breath analysis tests on the date of the plaintiff's arrest." (Internal quotation marks omitted.) *Schallenkamp* v. *DelPonte* supra, 41. Thus, if there is substantial evidence in the record to support the hearing officer's findings of fact, even with the inconsistency between the documents attached to the A-44, the court will not sustain the plaintiff on this ground. The court finds that there is substantial evidence to support the hearing officer's findings that the chemical tests were performed within two hours of the plaintiff's arrest. As found by the hearing officer, the first test was completed at 0119 on October 10, 1996. The evidence in the record regarding the police officer's initial observation of the plaintiff's vehicle and subsequent arrest supports the finding that the police officer arrested the plaintiff no earlier than 0036 hours on October 10, 1996, and that the chemical test was performed within two hours of 0036. Accordingly, there is substantial evidence to support the hearing officer's finding that the time of operation was 0036.

While the hearing officer improperly included evidence not in the record, the subordinate findings otherwise complied with the court's remand order in setting forth specific findings of fact and conclusions of law supported by the evidence in the original record.

The plaintiff also argues that the police officer's failure to check the box indicating that the analytical device for the chemical testing was certified and operated by a certified operator is fatal to the admissibility of the results. *Schallenkamp* v. *DelPonte*, supra, 229 Conn. 31, disposes of this issue. In that case, the court answered the certified question of whether there was substantial evidence in the record to support a finding that the arresting officer was certified to administer the breathalyzer test. Id., 42–43. While it is true, as noted by the plaintiff's counsel at oral argument, that the issue here was not before the *Schallenkamp* court on the certified question, the court's majority opinion is quite clear and pertinent here: "[The arresting officer's] alleged failure to comply with a regulation that he currently be certified to administer a breath analysis test would not be a basis for overturning the commissioner's decision in this case as long as there was evidence from which the commissioner reasonably could have concluded that the four prerequisites for suspension set forth in § 14-227b (f) had been demonstrated affirmatively." Id., 42. The court then goes on to note that the requirements of § 14-227b (c)[1] do not include the certification of the officer performing the chemical alcohol test. Id., 43. Further, there is no requirement for the analytic device to be certified under that statutory provision. Subsection (f) of § 14-227b provides in pertinent part: "The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did

---

[1] Section 14-227b (c) sets forth the steps a police officer must take in preparing and delivering his report to the commissioner.

such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight; and (4) was such person operating the motor vehicle. . . ." The commissioner's findings as to probable cause to arrest under subdivision (1) are clearly supported by substantial evidence in the record. The issues under subdivisions (2) and (4) are not raised in this appeal. As to the issue under subdivision (3), the court has found that substantial evidence exists in the record to support the finding that the plaintiff submitted to a test or analysis within two hours of operating his motor vehicle. The commissioner's findings as to the proper functioning of the intoxilyzer are similarly supported by substantial evidence in light of the authority of *Schallenkamp* v. *DelPonte,* supra, 37, and *Volck* v. *Muzio,* 204 Conn. 507, 514–17, 529 A.2d 177 (1987).

"[O]ur Supreme Court has held that 'even multiple failures on the part of an arresting officer to comply with the statutory dictates of § 14-227b [are] not sufficient grounds for overturning the commissioner's determination, after a hearing, that the essential elements of the statute had been proven and that the plaintiff's operator's license should be suspended.' *Schallenkamp* v. *DelPonte,* supra, 229 Conn. 41–42; see *Volck* v. *Muzio,* [supra, 204 Conn. 518]. That license suspensions hearings are limited to the four issues specified in subsection (f) of § 14-227b indicates that the legislature did not intend compliance with either subsection (b) or subsection (c) to be an essential condition for suspension. See *Volck* v. *Muzio,* supra, 514, 517." *Bialowas* v. *Commissioner of Motor Vehicles,* supra, 44 Conn. App. 711.

The plaintiff also argues that he was deprived of due process of law because the hearing officer found that the plaintiff had the burden to subpoena the police

officer and because of the omissions from the A-44 form. As to the issue of subpoenaing the police officer, the hearing officer could properly rely on the record without the presence of the arresting officer, even with the conflicting information in the record. Accordingly, the plaintiff was not deprived of due process of law because the hearing officer did not subpoena the arresting officer. See *Schallenkamp* v. *DelPonte*, supra, 229 Conn. 41. Of the omissions from the A-44 form, the test selection, the time of the delivery of the test results to the plaintiff, the certification as to the officer and device, the reading of the implied consent advisory and the mailing of the A-44 to the commissioner within three business days are not required under subsection (c) of § 14-227b. See id., 41–42; *Volck* v. *Muzio*, supra, 204 Conn. 514–18. The remaining omissions as to probable cause, the entry regarding the opportunity to telephone an attorney, results and time of the test and date and time of the occurrence are remedied by the supplemental documentation to the A-44 form. See *Bialowas* v. *Commissioner of Motor Vehicles*, supra, 44 Conn. App. 712–13. As noted by our Supreme Court, "the procedures required by the [Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.] exceed the minimal procedural safeguards mandated by the due process clause." (Internal quotation marks omitted.) *Pet* v. *Dept. of Health Services*, 228 Conn. 651, 661, 638 A.2d 6 (1994). The plaintiff was not denied due process of law.

For the above reasons, the court dismisses the appeal.